

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOMOLU V.S. SIRLEAF, JR., )
)
    Petitioner, )
)
v. ) Civil Action No.: 1:20-cv-00246 (UNA)
)
BARBARA MIKELJOHN, )
)
)
    Respondent. )

## MEMORANDUM OPINION

This matter is before the court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for an emergency writ of mandamus. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Petitioner, a state inmate currently designated to Greenville Correctional Center in Jarratt, Virginia, has filed a petition for mandamus, however, the relief sought is mostly unclear. He asks that this court compel Barbara Mikeljohn, Clerk of the Circuit Court for Montgomery County, Maryland, to "execute [her] duty to perform, and desist violating his rights[.]" However, it is entirely unclear what duty petitioner seeks to enforce or what rights respondent has allegedly impeded. As an exhibit, petitioner attaches a motion for emergency protective order, drafted by petitioner and sent to the attention of the Circuit Court for Montgomery County. No context or explanation is provided for the exhibit, but the court feels it safe to infer that petitioner desires the Circuit Court to process and grant the motion.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *Id.* Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner addresses none of these elements, and thus fails to meet his burden. He also fails to sue a federal officer or employee.

Additionally, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). In that regard, federal district courts lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)); *see also Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (holding that "considerations of comity and federalism dictate that the federal court should defer to the state proceedings.")

For the following reasons, the court will grant petitioner's application for leave to proceed *in forma pauperis* and dismiss the mandamus petition. An order accompanies this memorandum opinion.

DATE: 3/5/20

_____
United States District Judge